IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

JANET YU,
1756 W 33rd Basement
Chicago, IL 60608

Civil Action No. _____

Plaintiff,    JUDGE:

v.    MAGISTRATE JUDGE:

PUNMIT INC., dba OPART THAI HOUSE,
C/O Registered Agent,
1530 S State St #628,
Chicago, IL 60605

Defendant.

**COMPLAINT WITH JURY DEMAND**

Now come Plaintiff, Janet Yu ("Plaintiff") against Defendant Punmit Inc.("Defendant") for its failure to properly compensate Plaintiff for work performed pursuant to the FLSA, violation of recordkeeping standards under the FLSA, breach of contract, violation of the Illinois Personnel Records Act, and violations of Illinois's minimum wage provisions. The following allegations are based on personal knowledge of the Plaintiff's own conduct and are made on information and belief as to the acts of others. Plaintiff hereby state as follows:

### I. THE PARTIES

1. Plaintiff Janet Hoiyin Yu ("Plaintiff") is an individual and a resident of Illinois.

2. Plaintiff resides at 1756 W 33rd Basement Chicago, IL 60608.

3. Plaintiff was an 'employee' as defined by 29 U.S.C. § 203(E) and 820 Ill. Comp. Stat. § 105/3(d).

4. Defendant is a domestic, for-profit company registered to do business in the United States.

5. Defendant's registered agent is Mary Punmit and is located at 1530 S State St. #628, Chicago, IL 60605.

6. Defendant is located at 1530 S State St., Chicago, IL 60605.

7. Defendant was an 'employer' as defined 29 U.S.C. § 203(D) and 820 Ill. Comp. Stat. § 105/3(c).

## II. VENUE AND JURISDICTION

8. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), the Illinois Personnel Records Act, the Illinois Wage Act and employment contract violations.

9. Venue is proper in this forum pursuant to 28 U.S.C. §1391 as Plaintiff was employed by the Defendant in this District, a substantial part of the events or omission giving rise to the claims of Plaintiff occurred in this District, and the Defendant has done substantial business in this District.

10. This Court has federal question jurisdiction over this action as to the FLSA claims pursuant to 29 U.S.C. §§ 201, et seq. of the FLSA and 28 U.S.C. § 1331.

11. This Court has supplemental jurisdiction over this action as to the Illinois Wage Act claims, the Illinois Personnel Records Act and the contract claims pursuant to 28 U.S.C. § 1367.

## III. FACTS

12. Plaintiff was employed by the Defendant from November 2015 and January 2020.

13. Defendant is a Thai food restaurant that has been operating for over 30 years in the Chicago area.

14. Plaintiff was employed driving deliveries with her own vehicle.

15. In the first year and two months of her employment with the Defendant, Plaintiff was compensated only with her delivery fee earned per delivery and tips earned on each delivery.

16. In 2017, Defendant agreed to pay Plaintiff at a rate of $5.95 an hour for five hours per day, two (2) hours during the day during the lunch hour and three (3) hours in the evening for

dinner. In addition to the hourly rate, Defendant still agreed to pay Plaintiff per delivery fee and tips earned on each delivery.

17. The delivery fee earned was $3.00 per delivery.

18. The hourly rate paid by Defendant to Plaintiff starting in 2017 was below both the federal and Illinois minimum wage.

19. Pursuant to the 29 U.S.C. 206, the applicable federal minimum wage between 2015 and 2020 was $7.25 an hour.

20. Pursuant to 820 Ill. Comp. Stat. § 105/4(a)(1), the applicable Illinois minimum wage between 2015 and 2019 was $8.25.

21. Pursuant to 820 Ill. Comp. Stat. § 105/4(a)(1), the applicable Illinois minimum wage between 2015 and 2019 was $9.25.

22. While employed by Defendant, the Plaintiff did not participate in any minimum wage exempt activities pursuant to 29 U.S.C.A. § 213 and 820 Ill. Comp. Stat. § 105/4(a)(20(e).

23. Defendant did not pay Plaintiff for all hours worked. Plaintiff typically worked an average of 10 hours per day, despite only being paid $5.95 hourly for five (5) hours each day.

24. Plaintiff typically worked approximately five and half (5.5) days a week. Plaintiff worked form about 11:00AM to 9:00PM on Mondays, Tuesdays, and Wednesdays. On Fridays, Plaintiff typically worked from 5:00pm to 10:00pm. On Saturdays and Sundays, Plaintiff typically worked from 11:00 am to 10:00pm.

25. Plaintiff's typical work week was around 57 hours.

26. Plaintiff kept thorough records of her work performed and wages earned, but states that Defendant did not keep record of her hours worked, her pay scale, her overtime or her wages owed.

27. Plaintiff has stated that she would often have to remind Defendant to pay her and would pay her less than the amount owed to her according to Plaintiff's records.

28. Plaintiff was never considered an independent contractor by the Defendant evidenced by receiving a W-2 tax form during the years she worked for the Defendant.

29. Plaintiff's counsel contacted Defendant on April 14, 2020 in an attempt to gather personnel information pursuant to 820 Ill. Comp. Stat. § 105/8. As of this Complaint, Plaintiff never received a response from Defendant, violating 820 Ill. Comp. Stat. § 105/8.

### IV. CAUSES OF ACTION

#### COUNT I:
#### Violation of the Illinois Personnel Records Act
#### 820 Ill. Comp. Stat. § 40/2

30. All previous paragraphs are incorporated as though fully set forth herein.

31. The Illinois Personnel Records Review Act ("PRRA") requires employers to provide without charge, upon request by an employee or person acting on behalf of an employee information regarding the "name, address, occupation, pay rate, hours worked for each day worked, and each amount paid for the specific employee who has requested that specific employee's own information."

32. On April 14, 2020, Plaintiff's counsel, acting on behalf of an employee, requested that Defendant forward any and all documents concerning Plaintiff's hours worked, wages paid during her employment (including specific deductions made), as well as Plaintiff's complete, unredacted personnel files and employee handbook within seven (7) business days.

33. To date, Defendant has failed to provide a response to Plaintiffs counsel's request in violation of PRRA.

34. As a result of this willful failure to comply with the statute, Plaintiff is entitled to an Order by this Court for Defendant to produce all requested documents and finding Defendant in violation of 820 Ill. Comp. Stat. § 40/2.

## COUNT II:
## Violation of the FLSA:
## Failure to Pay Overtime
## 29 U.S.C. § 207

35. All previous paragraphs are incorporated as though fully set forth herein.

36. Plaintiff brings this cause of action under 29 U.S.C. § 216(b).

37. Defendant is required under the FLSA, 29 U.S.C. § 207, to pay wages to Plaintiff at a rate no less than one-and-one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

38. Plaintiff is not exempt from receiving overtime benefits under the FLSA because they were not "executive," "seasonal," "administrative," or "professional" employees, as those terms are defined under the FLSA.

39. Defendant willfully failed and refused to pay Plaintiff overtime wages, as required under the FLSA, for all hours worked in excess of forty (40) per week.

40. Defendant's willful failure and refusal to pay Plaintiff overtime wages for all hours worked in excess of forty (40) hours per week in individual workweeks at a rate of at least one and one-half his regular rates violate the FLSA, 29 U.S.C. §§ 207, 255.

41. As a result of these willful unlawful practices, Plaintiff suffered a loss of wages and is entitled to recover unpaid wages for up to four years prior to the filing of their claims, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

## COUNT III:
## Breach of Contract

42. All previous paragraphs are incorporated as though fully set forth herein.

43. Defendant and Plaintiff entered into a binding oral contract with Defendant.

44. Under the contract, the Plaintiff would receive $3.00 per every delivery as well keep the tips for her deliveries.

45. After 2017, the Contract was modified so Plaintiff would be compensated at a rate of $5.95 an hour for a total of five (5) hours per day as well as receiving $3.00 per delivery and tips.

46. Plaintiff kept track of how much she owed over the years she worked for the Defendant. The Defendant failed to pay her the flat rate countless and tips she owed countless times. The amount owed for Defendant's failure to pay the flat rate per delivery, tips and her hourly rate is approximately $29,704.89 for the years between 2017 and 2020. Prior to 2017, Plaintiff was owed $35,019 in wages owed.

## COUNT IV:
### Promissory Estoppel

47. All previous paragraphs are incorporated as though fully set forth herein.

48. In 2015 and 2016, Defendant clearly and unambiguously promised to compensate Plaintiff with the tips she earned per every delivery as well as a delivery fee for every delivery completed compensation per delivery. She received a $3.00 delivery fee per delivery.

49. In 2017 through 2020, Defendant clearly and unambiguously promised to compensate Plaintiff at a rate of $5.95 an hour for five hours a day as well as receiving compensation per delivery. She received $3.00 delivery fee per delivery.

50. Plaintiff reasonably and foreseeably relied on the Defendant's promises as Defendant initially fulfilled her obligations at the beginning of the Plaintiff's employment.

51. Plaintiff's reliance injured her as she was not reimbursed for worked performed from January 2017 to January 2020 for a total of $29,704.89.

## COUNT V:
### Violation of the Illinois Minimum Wage Act:
### Failure to Pay Minimum Wage
### 820 Ill. Comp. Stat. § 105/4.

52. All previous paragraphs are incorporated as though fully set forth herein.

53. There is a requirement that every employer shall pay each of the employer's

employees at a wage rate of not less than the minimum wage rate specified for each year.

54. At times relevant to this Complaint in 2015, 2016, 2017, 2018, 2019 and 2020 the Illinois minimum wage for non-exempt employees was $8.25 per hour.

55. At times relevant to this Complaint in 2020, the Illinois minimum wage for non-exempt employees was $9.25 per hour.

56. At all times relevant to this Complaint, the Plaintiff was not exempt from the minimum wage the Illinois Minimum Wage Act.

57. Defendant violated the Illinois Minimum Wage Act by not paying the Plaintiff the required minimum wage for work performed between November 2015 and January 2020.

58. Defendant was not entitled to claim this tip credit for Plaintiff because it failed to follow all requirements necessary for application of a tip credit including notification requirements, tip pooling requirements, and allowing the retention of all tips by the employee. 820 Ill. Comp. Stat. § 105/4(c).

59. Defendant's failure to pay the Plaintiff according to the Illinois Minimum Wage Act, results in Plaintiff's entitlement to damages, unpaid minimum wages and unpaid overtime compensation and the costs of bringing the action. 820 Ill. Comp. Stat. § 105/12(b).

### COUNT VI: Violation of the FLSA: Failure to Pay Minimum Wage 29 U.S.C. § 206

60. All previous paragraphs are incorporated as though fully set forth herein.

61. The FLSA requires that employers compensate all non-exempt employees for every hour worked in a workweek. *See* 29 U.S.C. § 206(a)-(b).

62. At all times relevant to this Complaint, Plaintiff was not exempt from the minimum wage provisions of the FLSA.

63. Defendant failed to pay Plaintiff minimum wage for all hours worked, in violation of the FLSA.

64. In violating the FLSA, Defendant acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

65. Defendant is an established employer and therefore knew (or should have known) its policies violated the FLSA.

66. Plaintiff, on the other hand, trusted Defendant to pay minimum wage in accordance with the law.

67. The decision and practice by Defendant to not pay minimum wage for all hours worked was neither reasonable nor in good faith.

68. Under 29 U.S.C. § 203(m), an employer can pay less than the minimum wage if the employee is considered a tipped employee.

69. Defendant was not entitled to claim this tip credit for Plaintiff because it failed to follow all requirements necessary for application of a tip credit including notification requirements, tip pooling requirements, and allowing the retention of all tips by the employee. 29 U.S.C. § 203(m).

70. Accordingly, Plaintiff is entitled to wages for all hours worked pursuant to the FLSA in an amount equal to their regular rate of pay, plus damages, attorneys' fees and costs.

## COUNT VII:
## Failure to Pay Overtime
## 820 Ill. Comp. Stat, § 105/4a

71. All previous paragraphs are incorporated as though fully set forth herein.

72. Plaintiff brings this cause of action under Illinois wage and hour laws.

73. Defendant is required to pay wages to Plaintiff at a rate no less than one-and-one

half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

74. Plaintiff is not exempt from receiving overtime benefits under the FLSA because they were not in sales or agricultural work or exempt under the FLSA.

75. Defendant failed and refused to pay Plaintiff overtime wages, as required, for all hours worked in excess of forty (40) per week as Defendant only paid her an hourly wage for 5 hours a day.

## COUNT VIII:
## Violation of the FLSA:
## Failure to Keep Records
## 29 U.S.C. § 211

76. All previous paragraphs are incorporated as though fully set forth herein.

77. The FLSA requires employers to make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him.

78. Plaintiff states that no formal keeping of her hours, deliveries made, pay rate, overtime or wages earned were kept by her employer.

79. As Defendant failed to keep records as required pursuant to 29 U.S.C. § 211, this Court should enter an Order finding Defendant violated 29 U.S.C. § 211 by failing to keep such records.

## COUNT IX:
## Violation of Illinois Law:
## Failure to Keep Records
## 820 Ill. Comp. Stat. § 105/8

80. All previous paragraphs are incorporated as though fully set forth herein.

81. Mirroring the FLSA, Illinois law requires employers to make and keeps records of

the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him for a period of not less than three (3) years.

82. Plaintiff states that no formal keeping of her hours, deliveries made, pay rate, overtime or wages earned were kept by her employer.

83. As Defendant failed to keep records as required pursuant to 820 Ill. Comp. Stat. §105/8, this Court should enter an Order finding Defendant violated 820 Ill. Comp. § Stat. 105/8 by failing to keep such records.

## **RELIEF SOUGHT**

1. Plaintiff respectfully requests judgment as follows:

**A.** An Order holding Defendant unlawfully withheld personnel information requested by Plaintiff's counsel in violation of 820 Ill. Comp. Stat. § 40/2;

**B.** An Order holding that Defendant entered into a contract with Plaintiff to pay her $3.00 per delivery made

**C.** An Order holding that Defendant violated the contract with Plaintiff to pay her $3.00 per delivery made;

**D.** An award of damages to Plaintiff by for Defendant's breach of contract of at least $29,704.89 for the damages experienced by Plaintiff as a result of Defendant's breach;

**E.** An Order holding Defendant violated the FLSA by failing to pay Plaintiff at least minimum wage for all hours worked;

**F.** An award of damages to Plaintiff for Defendant's failure to pay Plaintiff at least the federal minimum wage pursuant to the FLSA for all hours worked;

**G.** An Order holding Defendant violated the 820 Ill. Comp. Stat. § 105/4 by failing to pay Plaintiff at least minimum wage for all hours worked;

**H.** An award of damages to Plaintiff for Defendant's failure to pay Plaintiff at least the Illinois minimum wage pursuant to 820 Ill. Comp. Stat. § 105/4 for all hours worked;

I. An award of liquidated damages to Plaintiff for Defendant's failure to pay at least the state and federal minimum wage for all hours worked;

J. An Order holding Defendant violated 29 U.S.C. § 211 and 820 Ill. Comp. Stat. §105/8 by its failure to keep adequate records;

K. Any such other and further relief as may be necessary and appropriate.

L. An award of reasonable attorney's fees and costs for all claims pursuant to 29 U.S.C. § 216(b) and 820 Ill. Comp. Stat. § 105/12(b).

Date: December 2, 2020                     Respectfully submitted,

*/s/ Marcus Gray*
Marcus Gray (IL Bar No. 6325640)
**GRAY LAW, P.C.**
1136 S. Delano Ct.,
Chicago, IL 60605
Telephone: (773) 842-6559
Email: marcus@graylawil.com

*Local Counsel for the Plaintiff*

*/s/Jessica R. Doogan*
Jessica R. Doogan (OH Bar No. 0092105)*
Robert E. DeRose (OH Bar No. 0055214)*
**BARKAN MEIZLISH DEROSE WENTZ MCINERNEY PEIFER, LLP**
250 E. Broad Street., 10th Floor
Columbus, OH 43215
Telephone: (614) 221-4221
Facsimile: (614) 744-2300
Email: jdoogan@barkanmeizlish.com
           bderose@barkanmeizlish.com
*Pro Hac Vice Forthcoming*

*Lead Counsel for the Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all claims so triable.

*/s/ Marcus Gray*
Marcus Gray